UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LEMOYNE JONES DIO, | Case No. 14-CV-4826 (PAM/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| LORI SWANSON, Attorney General State of Minnesota,[1] | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Lemoyne Jones Dio's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1.  The petition has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Dio's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Based on that review, this Court recommends dismissal of Dio's petition.

Dio, a Minnesota state prisoner, was convicted by a jury of one count of first-degree murder in January 1985.  *See State v. Jones*, 392 N.W.2d 224, 230 (Minn. 1986).  As a result, Dio was sentenced to a term of life imprisonment.  *Id*.  The Minnesota Supreme Court affirmed Dio's conviction and sentence on August 15, 1986.  *Id*. at 237.  Since that direct appeal, Dio has filed at least three motions for post-conviction relief in state court, the third of which was filed in 2002.  *See Jones v. State*, 671 N.W.2d 743, 744-45 (Minn. 2003) (setting forth procedural

---

[1] Dio also identifies "Kenneth Grandilard" as a respondent in his petition, although he does not list "Grandilard" as a respondent on the initial caption.  *See* Petition at 1, 3 [ECF No. 1].  The identity of the proper respondent to this action is not relevant to this Recommendation.

history).  None of these motions has been successful.  *Id*.  Dio also previously filed a petition for a writ of habeas corpus under § 2254 in this District.  *See Jones v. Humphrey*, No. 3:94-CV-0997 (PAM/JGL) (D. Minn. filed Aug. 16, 1994).  This petition was denied, and the Eighth Circuit summarily dismissed Dio's appeal.  *See Jones v. Humphrey*, 66 F.3d 330 (8th Cir. 1995) (unpublished table disposition).

Dio now brings another petition for a writ of habeas corpus under § 2254.  In the pending petition, Dio argues (in essence) that the State of Minnesota failed to prove that he committed first-degree murder; that, if convicted of any crime at all, he should have instead been convicted of second-degree murder; and that he should be resentenced accordingly.  *See* Petition at 7 [ECF No. 1].

An in-depth analysis of the merits of Dio's claim is unnecessary, because Dio's petition is plainly barred by the relevant statute of limitations.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the
>claim or claims presented could have been
>discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Jones filing a habeas petition previously (he in fact filed a federal habeas petition twenty years ago); (2) Dio is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Dio's claim is not predicated on any new factual discovery.

Under § 2244(d)(1)(A), then, Dio was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The statute of limitations set forth in § 2244(d), however, was not enacted until after Dio's conviction became final. Dio's one-year limitations period therefore did not begin running until the date § 2244(d) went into effect — April 24, 1996 — and the limitations period did not expire until one year after that date. *See Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). Accordingly, Dio was required to file his habeas petition by later than April 24, 1997. He did not file his habeas petition until November 21, 2014. Dio's pending habeas petition is untimely, and this action must be summarily dismissed.[2]

---

[2]This Court recognizes that, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." From the Minnesota Supreme Court's recounting of the history of Dio's post-conviction proceedings in state court, it is overwhelmingly clear that more than a year has passed between April 24, 1996 and November 21, 2014 during which no motion for post-conviction relief was pending in state court. *See Jones*, 671 N.W.2d at 744. Accordingly, § 2244(d)(2) cannot save Dio's habeas petition. Moreover, Dio suggests no other reason why the statute of limitations for habeas relief should be equitably tolled in this case, and no such reason occurs to this Court.

In addition, as mentioned above, Dio has already filed a petition for habeas relief in this District. Dio's current petition is therefore a "second or successive" habeas petition that should have been presented to the Eighth Circuit for authorization prior to filing in this District. *See* 28 U.S.C. § 2244(b)(3). There is no indication that Dio received preauthorization from the Eighth Circuit before filing his current petition, and this action can be summarily dismissed on that basis as well.

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Dio had brought his habeas claims within the time provided by § 2244(d). It is therefore recommended that Dio not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Lemoyne Jones Dio's petition for a writ of habeas corpus [ECF No. 1] be SUMMARILY DISMISSED.

2. Dio's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

3. Dio's motion for a writ of habeas corpus ad testificandum [ECF No. 3] be DENIED AS MOOT.

4. Dio's motion to appoint counsel [ECF No. 4] be DENIED AS MOOT.

5. Dio's motion to proceed pro se [ECF No. 5] be DENIED AS MOOT.

6. No certificate of appealability be issued.

Dated: December 9, 2014
          *s/Steven E Rau*
          Steven E. Rau
          U.S. Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 24, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.